**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **M. ELIZABETH BRODERICK,** ) | |
| **#07018-112,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **3:08-CV-1720-D** |
| ) | |
| **W. ELAINE CHAPMAN,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for writ of habeas corpus filed by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is presently incarcerated within the Federal Bureau of Prisons (BOP) at FMC Carswell in Fort Worth, Texas. Respondent is the warden of FMC Carswell. The court issued process in this case.

Statement of the Case: Petitioner, a 65-year old inmate, is presently serving a 200-month sentence for conspiracy, mail fraud, falsely making U.S. obligations, and passing falsely made U.S. obligations. (*See* Amended Petition at 3). According to the BOP, she is projected to satisfy her sentence on December 19, 2010, via good conduct time release.

In her amended habeas corpus petition, filed on January 13, 2009, Petitioner raises two

claims. She alleges the BOP failed to promulgate regulations implementing a pilot program under the Second Chance Act of 2007, which would permit the transfer of an eligible elderly inmate to home confinement until the expiration of his/her prison sentence. (*See* Pet's Memorandum in Support at 4). She further alleges that she is entitled "to be *considered* for placement into the program at a meaningful time and in a meaningful manner." (*Id.* at 7, emphasis in original).

In response to this court's order to show cause, Respondent filed a motion to dismiss, arguing Petitioner did not exhaust her administrative remedies, and her claim is moot. Petitioner filed a response to the motion, to which Respondent filed a reply.

Findings and Conclusions:   A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his/her administrative remedies through the Bureau of Prisons. *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir. 1990); *United States v. Smith,* 869 F.2d 835, 837 n. 1 (5th Cir. 1989). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" and the petitioner bears the burden of demonstrating the futility of administrative review. *Fuller,* 11 F.3d at 62.

Petitioner has not exhausted her administrative remedies. The September 22, 2008 administrative remedy request sought preparation of a release plan under the Second Chance Act, compensation for personal injuries, and compensation for copy right violations related to the use of Petitioner's name. (Respondent's Mot. to Dism. at 37). The request neither sought implementation of nor consideration under the Elderly Inmate Pilot Program, which Petitioner alleged for the first time in her amended habeas petition filed in January 2009. (*Id.*).

It is necessary to note that the Elderly Inmate Pilot Program is only one of many

programs and changes brought about by the Second Chance Act.  As stated in the Warden's October 28, 2008 response to Petitioner's administrative remedy request, the Second Chance Act also modified the BOP's authority for making pre-release Residential Reentry Center (RRC) placement decisions.  (Respondent's Mot. to Dism. at 35-36).

In light of the above, the court concludes that Petitioner's general request under the Second Chance Act did not even attempt to exhaust administrative remedies with respect to the Elderly Inmate Pilot Program.[1]  Therefore, the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

Alternatively, the petition should be dismissed without prejudice as moot.  "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' "  *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

The amended habeas petition only raised two grounds for relief:  (1) it requested regulations implementing the Elderly Inmate Pilot Program under the Second Chance Act, and (2) it sought consideration under the Elderly Inmate Pilot Program within a reasonable time.  Both requests have been satisfied.  On February 5, 2009, the BOP issued an Operations Memorandum, promulgating the necessary rules and procedures governing the pilot program.

---

[1] Petitioner argues that prison officials prevented her from appealing the October 28, 2008 denial of her administrative remedy request.  (Pet's Response at 3-4).  The court need not resolve this issue since the original administrative remedy request did not mention the Elderly Inmate Pilot Program as noted above.

3

(*See* Respondent's Mot. to Dism. at 17).  On March 5, 2009, within only a month of its issuance, case manager Robert Blair evaluated Petitioner for participation in the Elderly Inmate Pilot Program.  (*Id.* at 9).  He informed Petitioner that she appeared to be an appropriate candidate for the elderly inmate program, and that he would request approximately 12 months of home confinement since it would take some time to get her request through the approval process.  (*Id.*).

In response to the motion to dismiss, Petitioner asserts, for the first time, that she is eligible for immediate release under the Pilot program.  (Pet's Response at 2-3).  Placement in the Elderly Inmate Pilot Program is not automatic; numerous pre-requisites must be met.  Petitioner's case manager will submit his evaluation to the Warden at FMC Carswell, who in turn will submit a recommendation.  Even assuming the Warden were to recommend Petitioner for participation in the Elderly Inmate Pilot Program, that recommendation will be have to be reviewed by the Central Office.  (*See* Respondent's Mot. to Dismiss at 21-23 for "Central Office Review").  Should the Central Office Review be unsatisfactory, Petitioner will have an opportunity to seek further review through the administrative remedy process and then through the judicial process.

Since the BOP has implemented regulations governing the Elderly Inmate Pilot Program and Petitioner is being considered for eligibility under that Program, her only grounds for habeas relief are now moot and this court lacks jurisdiction to consider her petition.

RECOMMENDATION:

For the foregoing reasons it is recommended that Respondent's motion to dismiss be GRANTED and that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust administrative remedies.  Alternatively, the petition should be DISMISSED

without prejudice for want of jurisdiction because the same is moot.

The Clerk will transmit a copy of this recommendation to Petitioner and counsel for Respondent.

Signed this 2nd day of April, 2009.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.